# UNITED STATES NAVY–MARINE CORPS
# COURT OF CRIMINAL APPEALS

———————————————

## No. 201700249

———————————————

### UNITED STATES OF AMERICA
*Appellee*

v.

### JOHNNY S. PEREZ
Corporal (E-4), U.S. Marine Corps
*Appellant*

———————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Lieutenant Colonel M. J. Kent, USMC
(arraignment); Major Mark D. Sameit, USMC (trial).
For Appellant: Commander Suzanne M. Lachelier, JAGC, USN.
For Appellee: Major Kelli A. O'Neil, USMC;
Lieutenant Kimberly Rios, JAGC, USN.

———————————————

Decided 12 September 2018

———————————————

Before HUTCHISON, PRICE, and TANG, *Appellate Military Judges*

———————————————

**This opinion does not serve as binding precedent but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of one specification of attempting to manufacture 3,4 methylenedioxy-methamphetamine (MDMA), one specification of attempting to distribute MDMA, and one specification of conspiring to manufacture and distribute MDMA in violation of Articles 80 and 81, Uniform Code of Military Justice (UCMJ) 10 U.S.C §§ 880 and 881.[1] The

———

[1] The appellant pleaded guilty to the greater offenses of manufacturing and distributing MDMA in violation of Article 112a, UCMJ, 10 U.S.C. § 912a, but was

appellant was sentenced to 13 months' confinement and a bad-conduct discharge.

In his sole assignment of error, the appellant contends that his trial defense counsel was ineffective because he failed to investigate the case and failed to inform the appellant prior to trial that there was no positive laboratory test confirming the presence of MDMA.[2] After careful consideration of the record of trial and the parties' pleadings, we conclude the findings and sentence are correct in law and fact, and find no error materially prejudicial to the appellant's substantial rights. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

## I. BACKGROUND

The appellant entered into a conspiracy with fellow Marines, Private (Pvt) CB and Corporal (Cpl) FL, to manufacture and distribute MDMA. During the course of that conspiracy, the appellant advised Pvt CB about the fair market price for MDMA, how to manufacture it, and how to sneak MDMA into a local dance club. He also instructed Pvt CB about proper manufacturing techniques: sanitizing a clean table, organizing the MDMA powder into lines, and scooping the powder into clean capsules. Finally, the appellant recruited Cpl FL into the conspiracy so that Cpl FJL could find new potential buyers.

In addition to conspiracy, the appellant was initially charged with and pleaded guilty to manufacturing and distributing MDMA.[3] During the providence inquiry, however, the military judge learned that the only laboratory test conducted on any substance seized from the appellant's co-conspirator, revealed the substance to be ethylone, not MDMA. As a result, the military judged found the appellant's pleas to manufacturing and distributing MDMA improvident because MDMA had not "been identified beyond a reasonable doubt."[4] Instead, the military judge found the appellant provident to the lesser included offenses of attempted manufacture and attempted distribution of MDMA. After advising the appellant on the elements of attempt, and conducting a plea colloquy on both attempted manufacturing and attempted distribution, the military judge confirmed the appellant had no questions about his pleas of guilty and that he still wanted to plead guilty.

---

found guilty of the lesser included offense of attempts in violation of Article 80, UCMJ, 10 U.S.C. § 880.

[2] Raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[3] *See* Charge Sheet. The appellant pleaded guilty pursuant to Article 77, UCMJ, as a co-conspirator who "aids, abets, counsels, commands or procures the commission of an offense or who causes an act to be done[.]" Record at 22. The appellant testified that Pvt CB actually manufactured and distributed the MDMA.

[4] Record at 36.

The appellant asserts in a post-trial affidavit that his trial defense counsel failed to inform him that there was no positive laboratory result for MDMA, and had he been made aware of that fact, he "would not have entered into [a] pretrial agreement, and would have wanted a trial[.]"[5]

## II. DISCUSSION

The Sixth Amendment entitles criminal defendants to representation that does not fall "below an objective standard of reasonableness" in light of "prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To establish a claim of ineffective assistance of counsel, "an appellant must demonstrate both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *United States v. Datavs*, 71 M.J. 420, 424 (C.A.A.F. 2012) (citations omitted). In reviewing for ineffectiveness, we look at the questions of deficient performance and prejudice *de novo*. *Id.* However, we "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the [appellant]." *Strickland*, 466 U.S. at 697. "Rather, '[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which . . . will often be so, that course should be followed.'" *Datavs,* 71 M.J. at 424-25 (quoting *Strickland*, 466 U.S. at 697.).

In order to show prejudice in the context of a guilty plea, the appellant must "show specifically that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *United States v. Alves,* 53 M.J. 286, 289 (C.A.A.F. 2000) (quoting *Hill v. Lockhart,* 474 U.S. 52, 59, (1985)). This is an objective inquiry. *Doughty v. United States*, No. 9900437, 2013 CCA LEXIS 520, at *22 (N-M. Ct. Crim. App. 27 Jun 2013) (unpub. op.) (citations omitted). Here, even assuming *arguendo* that the trial defense counsel's performance was deficient—that he failed to discover or disclose to the appellant the results of the lab tests—we find no prejudice and conclude there is no reasonable probability that the appellant would have pleaded not guilty and insisted on going to trial.

First, the appellant's plea to conspiracy to manufacture and distribute MDMA was unaffected by the lab tests. Second, the appellant acknowledged in a stipulation of fact entered into prior to trial that he "did not know the exact chemical composition of the substance" he manufactured and distributed, but pleaded to the greater offenses anyway.[6] Finally, after the lab results were disclosed in open court and the military judge declined to accept the appellant's pleas to the greater offenses of manufacturing and distribution of MDMA, the appellant confirmed that he had enough time to discuss his case

---

[5] Appellant's Affidavit of 24 Jan 18 at 2.

[6] Prosecution Exhibit 1 at 3.

with his trial defense counsel, that he was satisfied with his trial defense counsel, that he understood he could withdraw his guilty pleas, and that he, nevertheless, still wanted to plead guilty to attempting to manufacture and attempting to distribute MDMA. Consequently, "the appellate filings and the record as a whole compellingly demonstrate the improbability" that the appellant would have pleaded not guilty and insisted on going to trial. *United States v. Ginn,* 47 M.J. 236, 248 (C.A.A.F. 1997). He was afforded that very opportunity by the military judge and declined to exercise it.

### III. CONCLUSION

The findings and the sentence are affirmed.

For the Court

RODGER A. DREW, JR.
Clerk of Court