UNITED STATES, Appellee

v.

Wilber J. McINTOSH Jr., Staff Sergeant
U.S. Air Force, Appellant

No. 14-0685

Crim. App. No. 37977

United States Court of Appeals for the Armed Forces

Argued April 29, 2015

Decided July 8, 2015

STUCKY, J., delivered the opinion of the Court, in which BAKER, C.J., and ERDMANN, RYAN, and OHLSON, JJ., joined.


<u>Counsel</u>


For Appellant:  Captain Lauren A. Shure (argued); Major Grover H. Baxley (on brief).


For Appellee:  Captain Thomas J. Alford (argued); Colonel Katherine E. Oler and Gerald R. Bruce, Esq. (on brief).


Military Judge:  Paula B. McCarron


**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**

United States v. McIntosh, No. 14-0685/AF

Judge STUCKY delivered the opinion of the Court.

Appellant argues that his counsel provided ineffective assistance by failing to seek admission of the results of two potentially exculpatory physical examinations of the victim. We hold that trial defense counsel's performance was not deficient and, therefore, not constitutionally ineffective.

## I. Background

Appellant raped and assaulted his stepdaughter beginning in 2006 and ending in April 2010. A general court-martial convicted him of one specification of rape of a child between twelve and sixteen years of age on divers occasions over a sixteen-month period; one specification of aggravated sexual abuse of a child on divers occasions over a thirty-month period; one specification of assault with the intent to commit rape; and one specification of communicating a threat, in violation of Articles 120 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920, 934 (2012). The adjudged and approved sentence consisted of a dishonorable discharge, confinement for twenty-five years, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. The United States Air Force Court of Criminal Appeals affirmed. United States v. McIntosh, No. ACM 37977, 2014 CCA LEXIS 29, at *1, 2014 WL 464623, at *1 (A.F. Ct. Crim. App. Jan. 17, 2014).

## II.  Discussion

The sole issue in this case is whether defense counsel's decision not to introduce into evidence two reports by Sexual Assault Nurse Examiners (SANE reports) amounted to ineffective assistance of counsel.

As we explained in United States v. Datavs:

> To establish ineffective assistance of counsel, an appellant must demonstrate both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice.  In reviewing for ineffectiveness, the Court looks at the questions of deficient performance and prejudice de novo.

> With respect to [the] first prong, courts must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.

> As to the second prong, a challenger must demonstrate a reasonable probability that, but for counsel's deficient performance the result of the proceeding would have been different.

71 M.J. 420, 424 (C.A.A.F. 2012) (citations omitted) (internal quotation marks omitted); see Strickland v. Washington, 466 U.S. 668, 690 (1984).

Appellant argues that these requirements are satisfied, as the two SANE reports were highly exculpatory and constituted the only physical evidence in a case that was otherwise premised on witness testimony.  The first exam was completed the day the conduct was first discovered, when the victim's mother walked into her daughter's locked bedroom and saw Appellant undressed

with the child.  The second exam took place after the victim reported she had been raped for multiple years, but not immediately after any assault.  The reports concluded with physical findings that the victim's genitalia were "without abnormality" (2007 SANE report) and "normal" (2010 SANE report).  Appellant argues that the reports are especially exculpatory in that they showed the victim's hymen to be intact at both times and because they "bookended" the period of rape and sexual assault.

We begin by determining whether trial defense counsel's performance fell within the "wide range of reasonable professional assistance."  Id. at 424.  While defense counsel would normally be expected to introduce potentially exculpatory evidence, their performance is not deficient when a tactical reason cautions against admission.  See Datavs 71 M.J. at 425 (stating that "objectively reasonable" tactical decisions cannot constitute deficient performance); Strickland, 466 U.S. at 690 (creating presumption that challenged action had strategic purpose); Jackson v. Conway, 763 F.3d 115, 154 (2d Cir. 2014), cert. denied sub nom., Jackson v. Artus, 135 S. Ct. 1560 (2015) (holding that decision not to introduce potentially exculpatory laboratory reports was not deficient performance because the evidence did not have any exceptional value given victim's testimony that Appellant was unable to maintain an erection);

4

see also <u>Brown v. State</u>, 490 S.E.2d 75, 80 (Ga. 1997) (concluding defense counsel did not provide ineffective assistance in choosing not to present physical evidence from the crime scene that did not link defendant to the crime scene, but also did not rule out the possibility that he was there).

Such is the case here. As the two defense counsels' affidavits reveal, the choice they made was a considered one, made after consultation with an expert in the field of SANE examinations and after discussion with Appellant. First, the defense expert confirmed opinions defense counsel had formed from previous cases: the lack of abnormal findings in a sexual assault examination does not conclusively rule out the possibility that a sexual assault occurred. <u>See</u> <u>Lingle v. Iowa</u>, 195 F.3d 1023, 1025-26 (8th Cir. 1999); <u>see also</u> <u>Poole v. State</u>, 46 So. 3d 290, 296 (Miss. 2010) (holding that evidence of intact hymen is not conclusive proof that no penetration occurred). Second, the primary defense theory was that the Government failed to prove the charges beyond a reasonable doubt, in part because the Government offered "absolutely no medical evidence to support the testimony of the complainant." The Government itself bolstered this argument by not moving to admit the reports. Admitting the reports would have undermined this tactic and opened the door to cross-examination of the SANEs to the effect that an intact hymen did not preclude Appellant's

stepdaughter having been raped. Third, the 2010 SANE report indicates that the victim suffered pain when her genitalia were touched, something that a factfinder might see as evidence of guilt. Fourth, admission of the SANE reports would require discussion of the intrusiveness of the sexual assault exams -- facts the panel could possibly hold against Appellant. Under these circumstances, Appellant failed to overcome the strong presumption that counsel's performance was within the wide range of reasonable professional assistance. Without deficient performance, there can be no ineffective assistance, and the inquiry is closed.

## III. Judgment

The judgment of the United States Air Force Court of Criminal Appeals is affirmed.