# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, HAGLER, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class NOAH A. YUSUFI**
**United States Army, Appellant**

ARMY 20170453

Headquarters, Fort Carson
Tiernan P. Dolan, Military Judge
Colonel Gregg A. Engler, Staff Judge Advocate

For Appellant: Major Todd W. Simpson, JA; Captain Augustus Turner, JA (on brief).

For Appellee: Lieutenant Colonel Eric K. Stafford, JA; Major Lily C. Geyer, JA (on brief).

11 January 2019

--------------------------------
SUMMARY DISPOSITION
--------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications of sexual assault, one specification of abusive sexual contact, and one specification of negligent discharge of a firearm, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 934 (2012) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a dishonorable discharge and confinement for eighteen months.

The case is before this court for review under Article 66, UCMJ. Appellant personally asserts several errors, inter alia, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). Two of these assertions warrant brief discussion, but not relief.[*]

---

[*] We have also considered the two assigned errors in appellant's brief, neither of which warrant discussion or relief.

First, appellant asserts that his trial defense counsel were ineffective because they: (1) did not immediately alert the military judge of an alleged violation of his sequestration order by witnesses and victims, (2) did not recall and confront PV2 SC to impeach her credibility, (3) conceded the admissibility of DW's reaction to his shotgun in closing argument, (4) did not provide evidence in the post-trial 39(a) hearing request, (5) did not object to the admissibility of his shotgun, and (6) did not elicit evidence that appellant provided oral sex to PV2 SC. For several reasons, we find these assertions do not warrant relief.

For example, several of appellant's allegations reference tactical decisions specifically reserved for defense counsel. "As the Supreme Court has emphasized, a reviewing court 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *United States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F. 2007) (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)).

Furthermore, "we need not determine whether any of the alleged errors [in counsel's performance] establish[] constitutional deficiencies under the first prong of *Strickland* . . . [if] any such errors would not have been prejudicial under the high hurdle established by the second prong of *Strickland*." *Id*. (citation omitted) (alterations in original). At a minimum, several of appellant's assertions fall into this category, as we find there was no reasonable probability that, absent the alleged errors, the result would have been different. *See United States v. Datavs*, 71 M.J. 420, 424 (C.A.A.F. 2012). As one example, the military judge stated he would "treat the defense recitation of fact [in the post-trial 39(a) request] as being factual; the court does so arguendo in the absence of any evidence submitted by the defense." This factual adoption undercuts any argument of prejudice.

For the alleged sequestration violation, we note the defense counsel stated in an affidavit that she "informed the Government counsel," who subsequently "stated they would admonish the witnesses." We do not find deficient performance, much less prejudice, based on the defense counsel's actions.

Overall, upon our review of the entire record of trial in conjunction with the additional documents submitted on appeal, we disagree with each assertion of ineffective assistance of counsel and further conclude an evidentiary hearing is not warranted under *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967).

Second, appellant alleges that the record of trial was incomplete because the military judge's ruling in reference to a post-trial 39(a) session was not included. However, as part of another filing, appellant submitted a sworn affidavit from his trial defense counsel that included the "Government Response to Defense Motion for Post-Trial 39(a)" and the "Court Ruling on the Motion for Post-Trial 39(a)." The trial defense counsel's affidavit asserted, under penalty of perjury, that the attached documents "are true and accurate copies pertinent to this issue and they have been

maintained in the ordinary course of business by me and the Ft. Carson Trial Defense Office."  Under such circumstances, we believe no further remedial action is required.  We have considered the military judge's ruling as part of our Article 66(c) review and conclude appellant is not entitled to any relief.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court