# United States Navy-Marine Corps Court of Criminal Appeals

_____

**UNITED STATES**
Appellee

**v.**

**Vashawn T. CRITTENDEN,**
Culinary Specialist Seaman Recruit (E-1), U.S. Navy
Appellant

**No. 201700270**

Appeal from the United States Navy-Marine Corps Trial Judiciary.

Decided: 11 March 2019.

Military Judge:
Captain Bethany L. Payton-O'Brien, JAGC, USN.

Sentence Adjudged 25 May 2017 by a special court-martial convened at Naval Base San Diego, California, consisting of a military judge sitting alone. Sentence approved by convening authority: Forfeiture of $693 pay per month for one month, confinement for ninety-seven days,[1] and a bad-conduct discharge.

For Appellant:
*Captain Brian L. Mizer, JAGC, USN.*

For Appellee:
*Lieutenant Kimberly Rios, JAGC, USN;*
*Captain Brian L. Farrell, USMC.*

_____

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 30.2.**

---

[1] The Convening Authority suspended confinement in excess of ninety days pursuant to a pretrial agreement.

_____

Before FULTON, CRISFIELD, and HITESMAN,
*Appellate Military Judges.*

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of violating a lawful order, wrongful introduction of a controlled substance onto a military installation, wrongful distribution of a controlled substance, and wrongful use of a controlled substance, in violation of Articles 92 and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892 and 912a (2016).

The appellant raises two assignments of error: (1) that his trial defense counsel was ineffective for asking the military judge to apply 53 days of *Pierce* credit[2] to the adjudged sentence; and (2) that his plea to violating a lawful order for possessing an air gun is improvident in light of *District of Columbia v. Heller*, 554 U.S. 570 (2008). We find no prejudicial error and affirm.

## I. BACKGROUND

After testing positive on a urinalysis, the appellant was non-judicially punished for use of marijuana on 17 August 2016.

The appellant was found in possession of marijuana on 11 April 2017. Because the government had reason to believe that a pending drug test would be positive for marijuana, it charged him with both using and possessing marijuana on that day. He was also charged with violating a lawful general order by bringing an air gun onto base. When during the days leading up to trial the appellant's drug test results had not yet been reported, both counsel on the case agreed that the government would change the date of the alleged marijuana use to refer to the appellant's August 2016 use—a use for which the appellant had already been punished. The appellant concurred in this strategy.

Before announcing sentence, the military judge ascertained that the appellant was entitled to 42 days of *Allen* credit for time served in pretrial confinement.[3] She also asked appellant's counsel how she would like the *Pierce* credit for the prior punishment to be applied. The trial defense counsel, in

---

[2] *See United States v. Pierce*, 27 M.J. 367 (C.M.A. 1989).

[3] *See United States v. Allen*, 17 M.J. 126 (C.M.A. 1984).

accordance with her client's wishes, indicated the *Pierce* credit should be applied to the adjudged sentence—not announced as a credit to be applied by the convening authority. The military judge applied the confinement credit to the adjudged sentence and announced the sentence. For the 45 days of restriction and extra duties the appellant served as a result of the non-judicial punishment, the military judge credited him with 53 days of *Pierce* credit. The military judge stated that she would have sentenced the appellant to 150 days' confinement. After granting the appellant *Pierce* credit for his non-judicial punishment, she awarded only 97 days' confinement.

The appellant entered into a pretrial agreement with the convening authority. Under the terms of this agreement, the convening authority was required to suspend all confinement over 90 days. Since the *Pierce* credit had already been applied by the military judge, the convening authority did not award any credit. Rather, he approved the confinement as adjudged and, since he had promised to suspend all confinement over 90 days, he suspended seven of the 97 days the military judge had awarded.

The appellant now claims that his counsel was ineffective because she asked the military judge to give him *Pierce* credit before announcing the sentence. Had he had the convening authority award the credit, he argues, the credit would have been applied like *Allen* credit, that is to say, credited against the 90 days that remained unsuspended. As a result of this choice, according to the appellant, he served 48 days of confinement after trial that he would not have served had his counsel let the convening authority award the *Pierce* credit.

## II. DISCUSSION

### A. Whether the Trial Defense Counsel Was Ineffective for Requesting to Apply the *Pierce* Credit to the Adjudged Sentence

We review claims of ineffective assistance of counsel *de novo. United States v. Green,* 68 M.J. 360, 362 (C.A.A.F. 2010). The Sixth Amendment entitles criminal defendants to representation that does not fall "below an objective standard of reasonableness" in light of "prevailing professional norms." *Strickland v. Washington,* 466 U.S. 668, 688 (1984). In order to prevail on a claim of ineffective assistance of counsel, an appellant must demonstrate both that his counsel's performance was deficient and that this deficiency resulted in prejudice. *Id.* at 687. We presume counsel to be competent and our inquiry into an attorney's representation is highly deferential. *Id.* at 689. If defense counsel "make a strategic decision to accept a risk or forego a potential benefit, where it is objectively reasonable to do so," they are not ineffective. *United States v. Datav,* 71 M.J. 420, 424 (C.A.A.F. 2012).

We ordered the trial defense counsel to provide an affidavit explaining why she asked the military judge to award *Pierce* credit herself in the course of arriving at a sentence. The trial defense counsel's affidavit explained that she made this decision in consultation with the appellant. She thought that the appellant was best served by having as few days of suspended confinement hanging over him as possible. The appellant, who had been non-judicially punished four times in his short career—most recently for wrongful sexual contact—was not sure that he would be able to stop committing misconduct or smoking marijuana. The trial defense counsel knew that the government could still charge the appellant for his most recent marijuana use as the test results came back positive shortly before trial. It was in the appellant's best interest, according to the trial defense counsel, to minimize the possibility that the government would attempt to vacate his suspension.

The record and the trial defense counsel's affidavit reveal that counsel had a tactical reason for asking the military judge to apply the *Pierce* credit to the adjudged sentence. Counsel was trying to limit her recidivistic client's exposure to future charges and punishment.[4] The command could still bring an additional charge for the second positive urinalysis. Appellant also committed additional misconduct that was not charged at court-martial, to include violation of a military protective order and wrongful sexual contact.[5] He received non-judicial punishment for these offenses.[6] Finally, both the trial defense counsel and appellant thought there was "a reasonable chance the adjudged confinement would be low enough that, after subtracting the *Pierce* credit, [appellant] would complete his confinement before the date of the [initial] action."[7] The trial defense counsel thought that leaving *Pierce* credit to the convening authority's action risked missing out on the benefit of the credit.

An accused who is entitled to *Pierce* credit may elect to introduce his prior punishment during the presentencing hearing and have the sentencing authority credit the punishment against his awarded sentence. *United States v. Gammons*, 51 M.J. 169, 183 (C.A.A.F. 1999). We have considered trial defense counsel's reasoning for choosing to have the military judge award the credit, and find that the appellant has not overcome the strong presumption in favor of competence. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."

---

[4] Affidavit of LT Shannon Gearhart of 4 Feb. 2019 at ¶ 4.

[5] Prosecution Exhibit 2.

[6] *Id.*

[7] *Id.*

*Strickland,* 466 U.S. at 690. Here, the trial defense counsel, in consultation with the appellant, chose to benefit from his *Pierce* credit by reducing his suspended confinement exposure. He received this benefit, and we find the trial defense counsel's tactical decision to be not so unreasonable as to overcome the presumption of competence.

Because the appellant has not overcome the strong presumption that his counsel was competent, we do not need to address prejudice.

**B. Whether Appellant's Plea to Possessing a Compressed Air Gun is Provident in Light of *District of Columbia v. Heller***

The appellant pleaded guilty to violating a lawful order prohibiting the possession of an air gun on board Naval Station San Diego. At his guilty plea inquiry, the appellant did not challenge the constitutionality of such an order. In a stipulation of fact describing his offenses, the appellant admitted that the order was lawful. He now claims that his conviction violates his right to possess a handgun under the Second Amendment and the Supreme Court's decision in *District of Columbia v. Heller,* 554 U.S. 570 (2008).

We have considered the appellant's argument and find, at a minimum, that he forfeited this issue and that the military judge did not commit plain error by finding him guilty.

## III. CONCLUSION

Having carefully considered the appellant's assigned errors, the record of trial, and the parties' submissions, we conclude the findings and sentence are correct in law and fact and that no error materially prejudiced the appellant's substantial rights. Arts. 59 and 66, UCMJ. Accordingly, the findings and sentence as approved by the convening authority are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court