# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, RODRIGUEZ, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**First Lieutenant JOEL R. LESTER**
**United States Army, Appellant**

ARMY 20190593

Headquarters, Fort Bliss
Michael S. Devine, Military Judge
Colonel Andrew M. McKee, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Angela D. Swilley, JA; Captain Paul T. Shirk, JA.

For Appellee:  Lieutenant Colonel Wayne H. Williams, JA.

23 October 2020

----------------------------------
SUMMARY DISPOSITION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

FLEMING, Judge:

Appellant claims his trial defense counsel was ineffective during the pre-sentencing proceedings by presenting only three witnesses and failing "to present evidence in mitigation and extenuation relating to the stress [appellant] was experiencing" and his attempts to get help from his command.[1]  As we explain below, we find appellant's trial defense counsel was not ineffective.

---

[1] Appellant raised several claims of error, to include the issue of ineffective assistance of counsel pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).  We have reviewed the entirety of the record and given full and fair consideration to all the issues personally raised by appellant pursuant to *Grostefon,* and find them to be without merit.

**BACKGROUND**

Appellant, a twenty-five year old First Lieutenant graduate of the United States Military Academy (USMA), pleaded guilty to one specification of absence without leave, four specifications of failure to report, two specifications of willfully disobeying a superior commissioned officer, and five specifications of drug usage occurring over an approximate four month period in violation of Articles 86, 90 and 112a, Uniform Code of Military Justice, 10 U.S.C. § 886, 890, 912a, [UCMJ]. During the pre-sentencing proceedings, the defense called appellant's parents and a fellow officer, and appellant provided an unsworn statement. Additionally, defense counsel admitted a hand-picked thirty-four page exhibit, Defense Exhibit A, which included appellant's various military awards, education, and an officer evaluation, depicting his alleged good military duty performance.[2]

The military judge sentenced appellant to a dismissal, thirteen months of confinement, and the total forfeiture of all pay and allowances. Pursuant to a favorable pre-trial agreement negotiated by his trial defense counsel, appellant's confinement was capped at four months and one day. We ordered an affidavit from appellant's defense counsel regarding appellant's ineffective assistance claim. *United States v. Lester,* ARMY 20190593 (Army Ct. Crim. App. 6 Oct. 2020)(Order).

**LAW AND DISCUSSION**

We review appellant's claim of ineffective assistance of counsel de novo. *United States v. Akbar*, 74 M.J. 364, 379 (C.A.A.F. 2015); *United States v. Datavs*, 71 M.J. 420, 424 (C.A.A.F. 2012). The test for ineffective assistance of counsel requires appellant to prove his counsel's performance was deficient and the deficiency resulted in prejudice. *United States v. Green*, 68 M.J. 360, 361-62 (C.A.A.F. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

Under the first *Strickland* prong, appellant must show "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. To decide this issue, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. The presumption of competence is rebutted by "a showing of specific errors made by defense counsel" that were "unreasonable under prevailing professional norms." *United States v. McConnell*, 55 M.J. 479, 482 (C.A.A.F. 2001) (citations omitted).

---

[2] Defense counsel also admitted a two-page document, Defense Exhibit B, detailing appellant's performance as a cadet at USMA.

2

Appellant contends his counsel was deficient in presenting only three pre-sentencing witnesses.[3] Notably, appellant does not specify any particular witness that his counsel failed to present. At most, appellant alludes that his prior senior rater, Lieutenant Colonel (LTC) HB, could have offered favorable testimony regarding appellant's military duty performance as evidenced by the documents admitted in Defense Exhibit A.[4]

Defense counsel interviewed LTC HB prior to trial but he was called as a government witness. During the government's direct-examination, LTC HB testified he had given appellant an important position and had been grooming him to become an aide. During defense's cross-examination, LTC HB readily admitted appellant was a talented officer and had been one of the best first lieutenants in the battalion prior to his offenses. As stated in defense counsel's affidavit "positive facts [regarding appellant] were elicited through cross-examination." Appellant's claim of error ignores that LTC HB provided defense favorable testimony. Likewise, defense counsel favorably cross-examined another government witness, CPT KW, and successfully admitted the documents in Defense Exhibits A and B. Based upon this performance, we find counsel's representation was more than reasonable.

Appellant further fails, beyond a vague reference to external stress and blindly asserting his chain of command failed him, to specify the exact nature of the extenuating and mitigating evidence that his counsel allegedly failed to present. After reviewing the record of trial, appellant's allegations, and counsel's affidavit, it appears the bulk of appellant's alleged external stress involved an ex-girlfriend and now, for the first time on appeal, he blames the chain of command for leaving him to "flounder and fail on his own."[5] After a thorough pretrial investigation and interviewing the available witnesses identified by appellant, defense counsel's tactical decisions, i.e., to avoid emphasizing external stressors or to engage in blame-shifting, were reasonable and not ineffective.

---

[3] Pursuant to *United States v. Ginn*, 47 M.J. 236, 244-45 (C.A.A.F. 1997), a fact finding hearing is not necessary because appellant's claim and defense counsel's affidavit do not conflict. Rather, defense counsel's affidavit acknowledges the existence of additional pre-sentencing witnesses proposed by appellant.

[4] Although appellant fails to name any witness his counsel failed to present beyond alluding to LTC HB, defense counsel's affidavit identifies seven witnesses proposed by appellant and the reasons those witnesses were not presented.

[5] Appellant's present assertions regarding his chain of command contradict multiple sua sponte favorable statements he made to the military judge during the providence inquiry. In discussing one specification of failure to report, appellant told the military judge "I should have simply asked my unit for help and I know that they would have helped me. . . . I am here today simply because I did not allow … my unit to help me."

For example, after interviewing appellant's proposed behavioral health witnesses, defense counsel determined those witnesses were concerned about "inconsistencies with what [appellant] had told them [and] [t]hey would not say that external stressors contributed to causing the misconduct." As to appellant's ex-girlfriend, defense counsel determined,

> [m]any of the witnesses I interviewed acknowledged that they understood it was a tumultuous relationship, but they expressed skepticism regarding [appellant's] accounts of events. I also believed that his ex-girlfriend was a rebuttal witness for the prosecution. I believed that if testimony delved further into these events than what it did, then we would run a serious risk of distracting from the central sentencing theme of responsibility, growth, and potential, and instead become bogged down in a confusing bout of allegations between this former couple.

Particularly in light of appellant's description of this "toxic" and "abusive" relationship, which he offered sua sponte during his providence inquiry, defense counsel's strategy to avoid any related negative or aggravating inference against his client was sound.

Defense counsel avers he discussed and explained his pre-sentencing strategic decisions with appellant prior to trial. Appellant's trial defense counsel made strategic and tactical decisions to avoid either undermining the defense pre-sentencing theme of appellant's "responsibility, growth, and potential," or permitting the government to introduce prejudicial rebuttal evidence. *See United States v. Morgan*, 37 M.J. 407, 410 (C.M.A. 1993) (Counsel are presumed competent and we will not second-guess the trial defense counsel's strategic or tactical decisions). Accordingly, appellant falls far short of meeting his evidentiary burden to establish that his defense counsel was ineffective. *See United States v. Garcia*, 59 M.J. 447, 450 (C.A.A.F. 2004).

## CONCLUSION

On consideration of the entire record the findings of guilty and sentence are AFFIRMED.

Senior Judge BURTON and Judge RODRIGUEZ concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4