# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32733**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Jacob R. BENNETT**
Airman Basic (E-1), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 1 December 2023

————————————

*Military Judge*: Brian C. Mason.

*Sentence*: Sentence adjudged 25 May 2022 by GCM convened at Wright-Patterson Air Force Base, Ohio. Sentence entered by military judge on 27 June 2022: Bad-conduct discharge, confinement for 210 days, and a reprimand.

*For Appellant*: Major Eshawn R. Rawlley, USAF.

*For Appellee*: Lieutenant Colonel Thomas J. Alford, USAF; Lieutenant Colonel Matthew J. Neil, USAF; Captain Jocelyn Q. Wright, USAF; Mary Ellen Payne, Esquire.

Before CADOTTE, RICHARDSON, and ANNEXSTAD, *Appellate Military Judges*.

Senior Judge CADOTTE delivered the opinion of the court, in which Senior Judge RICHARDSON and Senior Judge ANNEXSTAD joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

CADOTTE, Senior Judge:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of one specification each of failing to obey a lawful order, violating a lawful general regulation, wrongful use of marijuana, wrongful use of cocaine, wrongful possession of marijuana, wrongful possession of cocaine, wrongful introduction of marijuana, and wrongful introduction of cocaine, in violation of Articles 92 and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 912a.[1] The military judge sentenced Appellant to a bad-conduct discharge, confinement for 210 days, and a reprimand. The convening authority took no action on the findings or sentence.

Appellant raises two assignments of error: (1) whether the Government has proven Appellant was served with the record of trial; and (2) whether trial defense counsel were ineffective during post-trial processing when they failed to ask the convening authority to defer or waive the automatic forfeiture of Appellant's pay for his or his dependent's benefit. We carefully considered issue (1) and find it does not warrant discussion or relief. *See United States v. Guinn*, 81 M.J. 195, 204 (C.A.A.F. 2021) (citing *United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987)). We find no error that materially prejudiced Appellant's substantial rights, and we affirm the findings and sentence.

## I. BACKGROUND

Appellant received written advice from trial defense counsel regarding his post-trial and appellate rights. That advice informed Appellant of his right to ask the convening authority to defer any adjudged and automatic forfeitures. Appellant was also advised of his right to ask the convening authority to waive any or all automatic forfeitures for the purpose of providing support for his dependents. Appellant signed on the last page of the written advice, representing, "I have read and understand my post-trial rights and appellate rights, as stated above." Trial defense counsel confirmed on the record that Appellant received this advice "orally and in writing." The military judge asked Appellant whether he had "any questions at all" about his post-trial and appellate rights, and Appellant replied in the negative.

At trial, the Government introduced a personal data sheet into evidence which documented that Appellant had two dependents. Appellant also discussed his children during his oral unsworn statement and offered photographs of his children.

---

[1] Unless otherwise noted, all references in this opinion to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

On 6 June 2022, trial defense counsel submitted matters to the convening authority which did not contain a request for deferment or waiver of automatic forfeitures. Appellant did not personally submit a deferral or waiver request to the convening authority.

## II. DISCUSSION

### A. Law

The Sixth Amendment[2] guarantees an accused the right to effective assistance of counsel. *United States v. Gilley*, 56 M.J. 113, 124 (C.A.A.F. 2001). In assessing the effectiveness of counsel, we apply the standard set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and begin with the presumption of competence announced in *United States v. Cronic*, 466 U.S. 648, 658 (1984). *See Gilley*, 56 M.J. at 124 (citation omitted). We will not second-guess reasonable strategic or tactical decisions by trial defense counsel. *United States v. Mazza*, 67 M.J. 470, 475 (C.A.A.F. 2009) (citation omitted). We review allegations of ineffective assistance de novo. *United States v. Gooch*, 69 M.J. 353, 362 (C.A.A.F. 2011) (citing *Mazza*, 67 M.J. at 474).

To determine whether the presumption of competence has been overcome, we utilize the following three-part test:

> (1) Are the appellant's allegations true[, and] if so, "is there a reasonable explanation for counsel's actions;" (2) If the allegations are true, did [trial] defense counsel's level of advocacy "fall measurably below the performance . . . [ordinarily expected] of fallible lawyers;" [and] (3) If [trial] defense counsel w[ere] ineffective, is there "a reasonable probability that, absent the errors," there would have been a different result?"

*Id.* (third alteration and omission in original) (quoting *United States v. Polk*, 32 M.J. 150, 153 (C.M.A. 1991)).

The burden is on the appellant to demonstrate both deficient performance and prejudice. *United States v. Datavs*, 71 M.J. 420, 424 (C.A.A.F. 2012) (citation omitted). "[C]ourts 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689) (additional citation omitted). With respect to prejudice, a "reasonable probability" of a different result is "a probability sufficient to undermine confidence in the outcome" of the trial. *Id.* (quoting *Strickland*, 466 U.S. at 694) (additional citation omitted).

---

[2] U.S. CONST. amend. VI.

**B. Analysis**

Appellant asserts that his trial defense counsel were ineffective in failing to request deferment or waiver of automatic forfeitures. We find Appellant fails to meet his burden to show that his counsel's performance was deficient, much less that he suffered prejudice.

We see nothing in the record to support that, prior to submitting matters to the convening authority, Appellant instructed his counsel to request a deferment or waiver of forfeitures. Appellant has presented no evidence that his counsel's clemency submission on his behalf was not what he wanted at the time. In a prior opinion where an appellant similarly alleged ineffective assistance of counsel, a panel of this court concluded:

> Appellant has the burden to show he directed trial defense counsel to submit a deferment or waiver request, who then failed to comply with his instructions. Appellant has not met that burden. Even on appeal, Appellant offers no declaration to bring information to the attention of the court. On this record, there is no basis to conclude that Appellant sought, much less wanted, or would have received relief he now claims trial defense counsel was deficient in failing to obtain.

*United States v. Velasquez*, No. ACM 40056, 2022 CCA LEXIS 414, at *7 (A.F. Ct. Crim. App. 19 Jul. 2022) (unpub. op.), *rev. denied*, 83 M.J. 103 (C.A.A.F. 2022). We believe the reasoning in *Velasquez* applies here.

## III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court