# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
WALKER, POND, and PARKER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Captain BRETT M. HANSEN**
**United States Army, Appellant**

ARMY 20220162

Headquarters, U.S. Army Cyber Center of Excellence and Fort Gordon
Albert G. Courie III, Military Judge
Colonel Danyele M. Jordan, Staff Judge Advocate

For Appellant: Brenner M. Fissell, Esquire; Philip D. Cave, Esquire (on brief and reply brief).

For Appellee: Colonel Christopher B. Burgess, JA; Major Kalin P. Schlueter, JA; Captain Dominique L. Dove, JA (on brief).

19 July 2024

---------------------------------
SUMMARY DISPOSITION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

PARKER, Judge:

Appellant raises multiple assignments of error before this court, one of which merits discussion but no relief.[1] Appellant alleges that his representation by trial defense counsel was ineffective in that they committed a number of significant errors, and that but for these errors, there is a reasonable probability the result of the proceeding would have been different. We disagree.

---

[1] We have given full and fair consideration to appellant's other assignments of error, to include matters submitted personally by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find they lack merit and warrant neither additional discussion nor relief.

## BACKGROUND

In 2022, appellant was tried before an officer panel at a general court-martial located at Fort Gordon, Georgia. At trial, appellant faced six specifications of abusive sexual contact involving multiple victims, and a fraternization offense, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 934 [UCMJ]. Contrary to his pleas, appellant was convicted of one specification of abusive sexual contact, was acquitted of the remaining five abusive sexual contact offenses and was successful in a Rule for Courts-Martial [R.C.M.] 917 motion for a finding of not guilty that the military judge granted as to the fraternization offense. Appellant was sentenced to a dismissal and confinement for eighteen months.

The one abusive sexual contact offense for which appellant was convicted occurred during a routine medical appointment in August of 2018, and involved appellant touching the vulva of ████████████████████████, by making a fraudulent representation that the sexual contact served a professional purpose.[2]

At trial, ████████ testified that in preparation for her military retirement she sought treatment for several medical issues at Eisenhower Medical Center located on Fort Gordon, Georgia. This treatment included treatment at the Traumatic Brain Injury (TBI) Clinic for migraines, which led to her referral to the neurology clinic where appellant worked as a neurologist. During ████████ s appointment in August 2018 to receive botox injections for her migraines, she complained to appellant about pain in her right hip. She testified that appellant, in an offer to alleviate her pain, had her lie on her back, and that appellant then put his bare hand under her pants and rubbed her vagina. ████████████████ testified there was no chaperone in the room, that she told appellant to stop, and upon exiting appellant's office, she said to appellant, "you make sure that's in my record." ████████ also testified it took her approximately thirty days to get a copy of her medical records, and that her records indicated a chaperone was in the room during the appointment. The chaperone listed in ████████'s medical records, who served as appellant's nurse, also testified at trial that she did not chaperone ████████'s appointment. Appellant did not testify at trial, but did engage in a colloquy with the military judge that his decision not to testify was his and his alone.

---

[2] Specification 4 of Charge I states appellant did "touch, directly or through the clothing, the vulva of [████████], by making a fraudulent representation that the sexual contact served a professional purpose with an intent to arouse or gratify the sexual desire of [appellant]."

## LAW AND DISCUSSION

*Ineffective Assistance of Counsel*

Appellant alleges that his trial defense counsel, Mr. SC and Captain MB, were ineffective in several ways, including but not limited to: (1) providing incorrect advice about whether appellant should testify; (2) failing to object to testimony by ████████ about her medical records; (3) failing to introduce documentary evidence as direct evidence or as impeachment by contradiction; (4) and by failing to make and litigate relevant discovery requests. Appellant argues that there is a reasonable probability that but for these errors by counsel, the result of appellant's proceeding would have been different. We find only appellant's argument pertaining to ineffective assistance of counsel as to his decision to testify at trial warrants discussion.[3] We disagree with appellant that his defense counsel were ineffective.

Allegations of ineffective assistance of counsel are reviewed de novo. *United States v. Cueto*, 82 M.J. 323, 327 (C.A.A.F. 2022) (citing *United States v. Gooch*, 69 M.J. 353, 362 (C.A.A.F. 2011)) (citation omitted). "To prevail on an ineffective assistance claim, the appellant bears the burden of proving that the performance of defense counsel was deficient and that the appellant was prejudiced by the error." *United States v. Captain*, 75 M.J. 99, 103 (C.A.A.F. 2016) (citing *Strickland v. Washington*, 466 U.S. 668, 698 (1984)). "With respect to *Strickland's* first prong, courts 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *United States v. Datavs*, 71 M.J. 420, 424 (C.A.A.F. 2012) (quoting *Strickland*, 466 U.S. at 689). "As to the second prong, a challenger must demonstrate 'a reasonable probability that, but for counsel's [deficient performance] the result of the proceeding would have been different.'" *Id.* (quoting *Strickland*, 466 U.S. at 694) (alteration in original). "It is not enough to show that the errors had some conceivable effect on the outcome . . . ." *Id.* (cleaned up). "When there is an allegation that counsel was ineffective in the

---

[3] Having considered the principles set forth in *United States v. Ginn*, 47 M.J. 236 (C.A.A.F. 1997), we find it unnecessary to expand on this analysis as to appellant's other allegations of ineffective assistance of counsel. The affidavits provided by both trial defense counsel, along with the record of trial, provide us all necessary information to decide appellant's allegations involving counsel failing to object to testimony, failing to introduce documentary evidence, and failing to litigate discovery requests. Therefore, we are able to resolve appellant's claim of ineffective assistance of counsel without ordering a post-trial evidentiary hearing. *See Ginn*, 47 M.J. at 248. We find these tactical decisions by defense counsel to be reasonable professional assistance and conclude appellant has failed to meet his burden of proving this was deficient performance.

sentencing phase of the court-martial, we look to see 'whether there is a reasonable probability that, but for counsel's error, there would have been a different result.'" *Captain*, 75 M.J. at 103 (quoting *United States v. Quick*, 59 M.J. 383, 386-87 (C.A.A.F. 2004)).

Appellant elected not to testify at trial. In the colloquy with the military judge, appellant affirmed that his decision not to testify at trial was his and his alone. However, appellant alleges his civilian defense counsel was ineffective because after repeated inquires by appellant regarding testifying, civilian defense counsel advised him not to take the stand in his own defense. Appellant argues that the civilian defense counsel's advice was "effectively a threat," was founded on an erroneous understanding of evidence law, and that appellant's waiver of his right to testify is invalid.

Appellant's civilian defense counsel, in his court ordered affidavit, stated that appellant was advised of his right to testify, and that counsel pointed out several risks of appellant doing so. These risks included alleged "child abuse allegations" levied against appellant from a Guardian Ad Litem Report in September 2018 of which the government was aware, as well as other pending charges involving similar misconduct to the charges appellant faced at trial. Civilian counsel explained to appellant the potential for appellant to be cross-examined on these topics and the obvious dangers associated with that strategy. In another court-ordered affidavit from appellant's military defense counsel, CPT MB acknowledged that he advised appellant of his right to testify at trial and that it was his right alone. He also acknowledged there were conversations with appellant as to whether he would testify at trial, and that those conversations made clear it was appellant's choice. He categorized the civilian defense counsel's advice to appellant advising him not to testify as candid and adamant. He also noted that as the military defense counsel, he even followed up with appellant after this conversation with civilian defense counsel, reminding him it was ultimately appellant's decision and they were providing advice as to whether he should exercise that right.

The affidavits of both defense counsel are similar in substance. There are no facts or evidence to contradict what is stated in these defense counsel affidavits. We find that based on the explanation by both defense counsel, along with appellant's acknowledgment in his declaration that he was informed by counsel of his right to testify, and no facts to the contrary, appellant has failed to meet his burden of proving any deficiency by counsel regarding their advice to appellant on whether he should testify on his own behalf.

Although appellant alleges that under the totality of these circumstances he was provided ineffective assistance of counsel, we disagree. We find that based on our review of the record, and under the objective standard of reasonableness, the performance of appellant's counsel was not deficient. While we find no deficient

performance and no error by counsel, we add that appellant has also failed to show prejudice and a reasonable probability there would have been a different result but for these alleged errors by counsel. Appellant's arguments merely attempt to lump together defense counsels' trial decisions, strategies, and techniques to collectively attempt to persuade this court that performance was deficient. We are unpersuaded and reiterate that appellant has offered nothing more than conjecture about a different trial outcome.

## CONCLUSION

The findings of guilty and sentence are AFFIRMED.

Senior Judge WALKER and Judge POND concur.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court