# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, RODRIGUEZ, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Staff Sergeant SHAWN E. ELLIS**
**United States Army, Appellant**

ARMY 20190279

Headquarters, U.S. Army Fires Center of Excellence and Fort Sill
Robert L. Shuck and Douglas K. Watkins, Military Judges
Colonel Maureen A. Kohn, Staff Judge Advocate

For Appellant: Captain Paul T. Shirk, JA; Joseph Owens, Esquire (on brief and reply brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Jonathan S. Reiner, JA; Captain Allison L. Rowley, JA (on brief).

13 November 2020

------------------------------------
SUMMARY DISPOSITION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

BURTON, Senior Judge:

Appellant claims he received ineffective assistance of counsel (IAC) because his defense counsel did not prepare him to testify at trial.[1] As we explain below, we find appellant's trial defense counsel were not ineffective.

---

[1] Appellant also claims his counsel were ineffective because they failed to interview certain witnesses prior to trial, failed to adequately cross-examine three witnesses, and failed to challenge several panel members. We have reviewed these additional claims of IAC and find they merit neither discussion nor relief. We have reviewed appellant's additional assigned error, and have given full and fair consideration to the matters raised personally by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find them to be without merit.

## BACKGROUND

An officer panel sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications of sexual assault of a child and one specification of sexual abuse of a child, in violation of Article 120b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §920b. The panel sentenced appellant to a dishonorable discharge, confinement for twenty years, reduction to E-1, and total forfeiture of all pay and allowances. The convening authority approved the sentence as adjudged.

Appellant was interviewed by the U.S. Army Criminal Investigation Command (CID) in reference to allegations made by his fifteen year-old step-daughter, CV, and his step-daughter's fourteen year-old cousin, SC. CV reported appellant engaged in indecent conduct by intentionally masturbating in her presence. SC reported appellant penetrated her vulva with his penis and his finger.[2] The government admitted the video of appellant's CID interview during its case-in-chief, in which appellant denied all allegations. Appellant did not testify at trial.

On appeal, appellant claims his defense counsel were ineffective because they did not prepare him to testify at trial and did not provide him his CID video interview. This court ordered affidavits from appellant's defense counsel to address appellant's claims of IAC in his brief. *United States v. Ellis*, ARMY 20190279 (Army Ct. Crim. App. 6 Oct. 2020) (Order). At trial, appellant was represented by Mr. JW, Captain (CPT) AE, and CPT HM. Although defense counsel addressed all of appellant's IAC claims in their affidavits, we limit our discussion to appellant's claim his counsel did not prepare him to testify at trial.

The affidavits from Mr. JW, CPT AE, and CPT HM, uniformly state they prepared appellant to testify and he performed poorly. Specifically, while practicing cross-examination, appellant admitted to the charged offense involving SC. Based on appellant's admission, appellant's defense counsel advised him not to testify. In regards to appellant's claim he was not provided the video of his CID interview, all counsel state he was provided with the entire case file. Notably, appellant did not submit a sworn affidavit to support his IAC allegations.[3]

---

[2] Appellant was found not guilty of causing SC to touch his genitalia in violation of Article 120b, UCMJ.

[3] Despite the contradictions between appellant's claims of IAC in his brief and defense counsels' affidavits, we find a post-trial evidentiary hearing unnecessary because appellant's claims are not raised in a sworn affidavit. *See, e.g., United States v. Ginn*, 47 M.J. 236, 243 (C.A.A.F. 1997) (post-trial evidentiary hearing only required when parties submit conflicting affidavits); *see also United States v.*

(continued . . .)

## LAW AND DISCUSSION

We review appellant's IAC claim de novo. *United States v. Akbar*, 74 M.J. 364, 379 (C.A.A.F. 2015); *United States v. Datavs*, 71 M.J. 420, 424 (C.A.A.F. 2012). The test for ineffective assistance of counsel requires appellant to prove his counsel's performance was deficient and the deficiency resulted in prejudice. *United States v. Green*, 68 M.J. 360, 361-62 (C.A.A.F. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). We may address these prongs in any order because appellant must satisfy both prongs to prevail. *Green*, 68 M.J. at 362 (citations omitted). In appellant's case, we need only address the first prong.

Under the first *Strickland* prong, appellant must show "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. To decide this issue, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The presumption of competence is rebutted by "a showing of specific errors made by defense counsel" that were "unreasonable under prevailing professional norms." *United States v. McConnell*, 55 M.J. 479, 482 (C.A.A.F. 2001) (citations omitted).

We find appellant's defense counsel were not deficient. Turning first to appellant's allegation he was denied access to his CID video interview, all defense counsel state in their affidavits they provided appellant the entire CID case file, including appellant's CID video interview. We find defense counsels' affidavits compellingly refute appellant's assertion in his brief.

In regards to preparing appellant to testify at trial, defense counsel state in their affidavits they advised appellant of his constitutional right to testify at trial. Mr. JW states appellant initially desired to testify. However, while practicing cross-examination, appellant admitted to the offense against SC. Mr. JW asked appellant whether he had sexual intercourse with SC in the backseat of the car. Mr. JW states appellant "[s]tood up and began to pace the room," and said something to the effect of, "that's when it happened." Mr. JW asked appellant what he meant. Appellant then admitted he had sex with SC in the backseat of the car, but explained that "[SC] wanted it." Captain AE was present during the practice examination and confirms appellant's admission in his affidavit. Captain HM, who was not present for the practice examination, was informed of the details afterwards.

---

(. . . continued)
*Dewrell*, 55 M.J. 131, 135 (C.A.A.F. 2001) (holding a "barebones assertion" by an appellant that his trial defense counsel prevented him from testifying is insufficient to require a post-trial evidentiary hearing).

As a result of appellant's admission to his counsel, defense counsel advised appellant against testifying. Further, defense counsel explained to appellant that if he still desired to testify, counsel were not ethically permitted to participate in his examination.[4] According to all defense counsel, appellant agreed with their advice not to testify. At trial, the military judge confirmed with appellant it was his personal decision not to testify.

In light of defense counsels' affidavits, we conclude defense counsel's advice to appellant not to testify was objectively reasonable and defense counsel made a tactical decision not to continue preparing appellant to testify. First, had appellant testified at trial, there was a serious risk he would have admitted to the offenses in front of the panel, just as he did while practicing with his defense counsel. Second, defense counsel would not have been ethically permitted to direct-examine appellant if appellant indicated he would lie during his testimony by denying the allegations. *See United States v. Baker*, 58 M.J. 380, 387 (C.A.A.F. 2003) (describing the "free narrative approach" as the most "reasonable" course of action for a defense counsel when anticipating client will commit perjury). Third, if appellant testified truthfully, he would have been contradicted by his CID video interview.

The most sound trial strategy in appellant's case was to do precisely what his defense counsel did, which was to advise appellant not to testify and rely on appellant's denials in his CID interview. *See Akbar*, 74 M.J. at 379 (considering whether counsels' choice of strategy was objectively reasonable when weighed against available alternatives). Accordingly, we find appellant has not met his burden in demonstrating he was denied effective assistance of counsel.

## CONCLUSION

On consideration of the entire record the findings of guilty and sentence are AFFIRMED.

Judge RODRIGUEZ and Judge FLEMING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[4] *See* Army Reg. 27-26, Legal Services: Rules of Professional Conduct for Lawyers (28 June 2018), Rule 3.3(a) (duty of candor to the tribunal); Rule 3.4 (obligation of fairness to opposing party and counsel); *see also* American Bar Association Model Rules of Professional Responsibility Rules 3.3(a), 3.4.