# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, RODRIGUEZ, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant SHAWN E. ELLIS**
**United States Army, Appellant**

ARMY 20190279

Headquarters, U.S. Army Fires Center of Excellence and Fort Sill
Robert L. Shuck and Douglas K. Watkins, Military Judges
Colonel Maureen A. Kohn, Staff Judge Advocate

For Appellant: Captain Paul T. Shirk, JA; Joseph Owens, Esquire (on brief and reply brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Jonathan S. Reiner, JA; Captain Allison L. Rowley, JA (on brief).

10 December 2020

-------------------------------------------------------------------
SUMMARY DISPOSITION ON RECONSIDERATION
-------------------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

BURTON, Senior Judge:

Appellant claims he received ineffective assistance of counsel (IAC) because his defense counsel did not prepare him to testify at trial.[1] We issued a decision in this case on 13 November 2020 affirming the findings and sentence in appellant's case. *United States v. Ellis*, ARMY 20190279, 2020 CCA LEXIS 422 (Army Ct.

---

[1] Appellant also claims his counsel were ineffective because they failed to interview certain witnesses prior to trial, failed to adequately cross-examine three witnesses, and failed to challenge several panel members. We have reviewed these additional claims of IAC and find they merit neither discussion nor relief. We have reviewed appellant's additional assigned error, and have given full and fair consideration to the matters raised personally by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find them to be without merit.

Crim. App. 13 Nov. 20). On 8 December 2020 we granted appellant's motion for reconsideration. After reviewing our previous decision, we again find appellant's trial defense counsel were not ineffective and affirm the findings and sentence.

## BACKGROUND

An officer panel sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications of sexual assault of a child and one specification of sexual abuse of a child, in violation of Article 120b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §920b. The panel sentenced appellant to a dishonorable discharge, confinement for twenty years, reduction to E-1, and total forfeiture of all pay and allowances. The convening authority approved the sentence as adjudged.

Appellant was interviewed by the U.S. Army Criminal Investigation Command (CID) in reference to allegations made by his fifteen year-old step-daughter, CV, and his step-daughter's fourteen year-old cousin, SC. CV reported appellant engaged in indecent conduct by intentionally masturbating in her presence. SC reported appellant penetrated her vulva with his penis and his finger.[2] The government admitted the video of appellant's CID interview during its case-in-chief, in which appellant denied all allegations. Appellant did not testify at trial.

On appeal, appellant claims in an affidavit that his defense counsel were ineffective because they did not prepare him to testify at trial and did not provide him his CID video interview. This court ordered affidavits from appellant's defense counsel to address appellant's claims of IAC in his brief. *United States v. Ellis,* ARMY 20190279 (Army Ct. Crim. App. 6 Oct. 2020) (Order). At trial, appellant was represented by Mr. JW, Captain (CPT) AE, and CPT HM. Although defense counsel addressed all of appellant's IAC claims in their affidavits, we limit our discussion to appellant's claim his counsel did not prepare him to testify at trial.

The affidavits from Mr. JW, CPT AE, and CPT HM, uniformly state they prepared appellant to testify and he performed poorly. Specifically, while practicing cross-examination, appellant admitted to the charged offense involving SC. Based on appellant's admission, appellant's defense counsel advised him not to testify. In regards to appellant's claim he was not provided the video of his CID interview, all counsel state he was provided with the entire case file.

---

[2] Appellant was found not guilty of causing SC to touch his genitalia in violation of Article 120b, UCMJ.

**LAW AND DISCUSSION**

We review appellant's IAC claim de novo. *United States v. Akbar*, 74 M.J. 364, 379 (C.A.A.F. 2015); *United States v. Datavs*, 71 M.J. 420, 424 (C.A.A.F. 2012). The test for ineffective assistance of counsel requires appellant to prove his counsel's performance was deficient and the deficiency resulted in prejudice. *United States v. Green*, 68 M.J. 360, 361-62 (C.A.A.F. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). We may address these prongs in any order because appellant must satisfy both prongs to prevail. *Green*, 68 M.J. at 362 (citations omitted). In appellant's case, we need only address the first prong.

Under the first *Strickland* prong, appellant must show "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. To decide this issue, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. The presumption of competence is rebutted by "a showing of specific errors made by defense counsel" that were "unreasonable under prevailing professional norms." *United States v. McConnell*, 55 M.J. 479, 482 (C.A.A.F. 2001) (citations omitted).

We find appellant's defense counsel were not deficient. Turning first to appellant's allegation he was denied access to his CID video interview, all defense counsel state in their affidavits they provided appellant the entire CID case file, including appellant's CID video interview.

Even assuming appellant's assertion is true, and he did not receive a copy of his CID interview, we find no prejudice. Appellant asserts in his affidavit that his defense counsel advised him not to testify because he was "not articulate enough," and appellant's "[CID video] was better because it has all the details . . . and [appellant] could not be questioned on the stand." Appellant states he wanted to review his CID interview so that he could make the decision whether or not to testify. However, appellant does not specifically state what value his testimony at trial would offer over his CID statement.[3]

In regards to preparing appellant to testify at trial, defense counsel state in their affidavits they advised appellant of his constitutional right to testify at trial. Mr. JW states appellant initially desired to testify. However, while practicing cross-

---

[3] Despite the contradictions between appellant's affidavit claiming he did not receive his CID interview and his counsels' affidavits stating they did provide him his CID interview, we find a post-trial evidentiary hearing unnecessary under the first *Ginn* factor. *See United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997) (post-trial evidentiary hearing is unnecessary "if the facts alleged in the affidavit would not result in relief even if any factual dispute were resolved in appellant's favor").

examination, appellant admitted to the offense against SC. Mr. JW asked appellant whether he had sexual intercourse with SC in the backseat of the car. Mr. JW states appellant "[s]tood up and began to pace the room," and said something to the effect of, "that's when it happened." Mr. JW asked appellant what he meant. Appellant then admitted he had sex with SC in the backseat of the car, but explained that "[SC] wanted it." Captain AE was present during the practice examination and confirms appellant's admission in his affidavit. Captain HM, who was not present for the practice examination, was informed of the details afterwards. Appellant's affidavit is silent on this interaction.

As a result of appellant's admission to his counsel, defense counsel advised appellant against testifying. Further, defense counsel explained to appellant that if he still desired to testify, counsel were not ethically permitted to participate in his examination.[4] According to all defense counsel, appellant agreed with their advice not to testify. At trial, the military judge confirmed with appellant it was his personal decision not to testify.

We conclude defense counsel's advice to appellant not to testify was objectively reasonable and defense counsel made a tactical decision not to continue preparing appellant to testify. First, had appellant testified at trial, there was a serious risk he would have admitted to the offenses in front of the panel, just as he did while practicing with his defense counsel. Second, defense counsel would not have been ethically permitted to direct-examine appellant if appellant indicated he would lie during his testimony by denying the allegations, as he denied the allegations during his CID interview. *See United States v. Baker*, 58 M.J. 380, 387 (C.A.A.F. 2003) (describing the "free narrative approach" as the most "reasonable" course of action for a defense counsel when anticipating client will commit perjury). Third, if appellant testified truthfully, he would have been contradicted by his CID video interview.

The most sound trial strategy in appellant's case was to do precisely what his defense counsel did, which was to advise appellant not to testify and rely on appellant's denials in his CID interview. *See Akbar*, 74 M.J. at 379 (considering whether counsels' choice of strategy was objectively reasonable when weighed against available alternatives). Accordingly, we find appellant has not met his burden in demonstrating he was denied effective assistance of counsel.

---

[4] *See* Army Reg. 27-26, Legal Services: Rules of Professional Conduct for Lawyers (28 June 2018), Rule 3.3(a) (duty of candor to the tribunal); Rule 3.4 (obligation of fairness to opposing party and counsel); *see also* American Bar Association Model Rules of Professional Responsibility Rules 3.3(a), 3.4.

## CONCLUSION

On consideration of the entire record the findings of guilty and sentence are AFFIRMED.

Judge RODRIGUEZ and Judge FLEMING concur.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court