# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

––––––––––––––––

**No. ACM 39768**

––––––––––––––––

**UNITED STATES**
*Appellee*

**v.**

**Michael P. BAIRD**
Airman (E-2), U.S. Air Force, *Appellant*

––––––––––––––––

Appeal from the United States Air Force Trial Judiciary

Decided 8 February 2021

––––––––––––––––

*Military Judge:* Bryon T. Gleisner.

*Sentence:* Sentence adjudged on 11 July 2019 by GCM convened at Seymour Johnson Air Force Base, North Carolina. Sentence entered by military judge on 5 August 2019: Dishonorable discharge, confinement for 13 months, and reduction to E-1.

*For Appellant:* Captain Alexander A. Navarro, USAF.

*For Appellee:* Lieutenant Colonel Brian C. Mason, USAF; Major Dayle P. Percle, USAF; Mary Ellen Payne, Esquire.

Before POSCH, RICHARDSON, and MEGINLEY, *Appellate Military Judges.*

Judge MEGINLEY delivered the opinion of the court, in which Senior Judge POSCH and Judge RICHARDSON joined.

––––––––––––––––

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

––––––––––––––––

MEGINLEY, Judge:

In accordance with his pleas pursuant to a pretrial agreement (PTA), a general court-martial composed of a military judge sitting alone found Appellant

guilty of one specification of wrongful possession of child pornography, in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934.[1] Appellant was sentenced to a dishonorable discharge, confinement for 13 months, and reduction to the grade of E-1. The convening authority waived automatic forfeitures for a period of six months, release from confinement, or expiration of Appellant's term of service, whichever was sooner, for the benefit of Appellant's dependent child. Otherwise, the convening authority took no action on the adjudged sentence.[2]

Appellant raises two issues on appeal: (1) whether he is entitled to sentence relief because his case was not timely docketed with this court, and (2) pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), whether he received ineffective assistance of counsel. We have carefully considered issue (1) and determined it does not warrant relief.[3] *See United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987). With regard to the remaining issue, we find no error and we affirm the findings and sentence.

## I. BACKGROUND

Appellant entered active duty in March 2009 and was 29 years old at the time of his trial and sentencing. Appellant committed the offense he pleaded

---

[1] All references in this opinion to the punitive articles of the Uniform Code of Military Justice (UCMJ) are to the *Manual for Courts-Martial, United States* (2016 ed.). The Charge and its Specification were referred to trial after 1 January 2019; as such, all other references to the UCMJ, Rules for Courts-Martial (R.C.M.), and Military Rules of Evidence are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] Appellant was convicted of a specification that alleged the commission of an offense before 1 January 2019. Consistent with the respective opinions of the judges of this panel in *United States v. Barrick*, No. ACM S32579, 2020 CCA LEXIS 346 (A.F. Ct. Crim. App. 30 Sep. 2020) (unpub. op.), and subsequent opinions, we find no error in the convening authority's decision to take no action on the sentence.

[3] Appellant argues he is entitled to relief because his case was not docketed within 30 days of the convening authority's decision on action. In *United States v. Livak*, 80 M.J. 631, 633–34 (A.F. Ct. Crim. App. 2020), we applied an aggregate 150-day threshold standard derived from *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). The 150 days encompasses the day an appellant is sentenced until docketing. *See Moreno*, 63 M.J. at 142. This threshold protects an appellant's due process right to timely posttrial and appellate review and is consistent with *Moreno*. In Appellant's case, it took the Government 67 days from the conclusion of trial to docketing of his case with this court, well below the 150-day threshold for a showing of a facially unreasonable delay. We find no violation of Appellant's due process rights and no basis to grant relief under Article 66(d), UCMJ, 10 U.S.C. § 866(d).

guilty to while he was stationed at Seymour Johnson Air Force Base, North Carolina.

On 16–17 April 2018, Appellant downloaded four videos and one photograph of child pornography at his home in Goldsboro, North Carolina. On 26 April 2018, Appellant's girlfriend, MH, discovered the child pornography on Appellant's computer. The next day, MH contacted special agents of the Air Force Office of Special Investigations (AFOSI). AFOSI agents, in coordination with the Goldsboro Police Department, obtained authorization to search and seize Appellant's digital storage devices. On 10 May 2018, AFOSI agents submitted the evidence to the Department of Defense Cyber Crime Center's forensics laboratory. Forensic analysis confirmed that Appellant's computer contained suspected child pornography. Appellant stipulated to facts and circumstances surrounding his possession of child pornography.

## II. DISCUSSION

### A. Additional Background

Appellant declared that his trial defense counsel deprived him of the effective assistance of counsel during the sentencing portion of his trial. Specifically, Appellant argues his counsel failed to present any evidence of the following: (1) his mental or physical illnesses, (2) a suicide attempt, (3) his separation from his wife and new son, and (4) "other relevant matters in mitigation and extenuation." Appellant argues that had his trial defense counsel presented this information, "there is a reasonable probability that [he] would have received a different sentence."

In response to Appellant's claims of ineffective assistance of counsel, we ordered and received declarations from Appellant's trial defense counsel, Mr. KS, Mr. GG, and Captain (Capt) AN. Mr. KS and his law partner Mr. GG submitted declarations to this court, which provide substantially the same information.[4]

Mr. KS asserts that in evaluating Appellant's case with their appointed confidential consultant in forensic psychology, Dr. CR, the trial defense team

---

[4] Because Appellant's issue of ineffective assistance of trial defense counsel is "raised by the record but not fully resolvable by the materials in the record," the affidavits submitted by the Government and Appellant were considered by this court consistent with *United States v. Jessie*, 79 M.J. 437, 442, 445 (C.A.A.F. 2020). We have considered whether a post-trial evidentiary hearing is required to resolve any factual disputes. Reviewing trial defense counsel's declarations and the record as a whole, we are convinced such a hearing is unnecessary. *See United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997); *United States v. DuBay*, 37 C.M.R. 411, 413 (C.M.A. 1967) (per curiam).

had concerns about the legitimacy of Appellant's alleged mental health issues. In their review of the full report from Appellant's mental examination pursuant to Rule for Courts-Martial 706, Dr. CR expressed some "skepticism" of Appellant's prior diagnosis. Specifically, the trial defense team was concerned about the report's "indications of malingering" and that with one of the Appellant's hospital stays, he may have been "over-representing his symptoms." Dr. CR expressed doubt as to some of Appellant's mental health diagnoses and their accuracy because Appellant "was the source of the information and had proven to be of dubious reliability." The defense team "concurred that the introduction of [Appellant's] mental health history was more likely to be detrimental than beneficial."

The trial defense team was also concerned about an alleged incident committed by Appellant involving the solicitation of a minor in 2011. Mr. KS stated the trial defense team received a "lengthy and perilous [Mil. R. Evid.] 404(b) notice" from the Government of this incident and did not want to "open the door" to this issue. Mr. KS further stated that because the symptoms (or diagnoses) in Appellant's declaration did not emerge until well after this solicitation incident, it was their view that if this information came to the military judge's attention, "[it] would have been catastrophic." Mr. KS determined that putting Appellant's "mental health history into play at any stage of the case presented significantly greater risk than reward." Capt AN opined that the Defense "could not have presented [evidence of Appellant's mental health issues] without opening the door to the additional uncharged misconduct." Capt AN also noted that the Defense did not "request that the rules of evidence be relaxed" in pre-sentencing so as to limit any Government rebuttal.

Additionally, Capt AN stated that the Defense considered Appellant's extensive amount of uncharged misconduct and disciplinary paperwork, and whether there would be a benefit in presenting evidence of mental health disorders "that providers had undermined in their comprehensive evaluation." Capt AN stated "[p]resenting evidence of [Appellant's] dubious mental health disorders would have been more harmful than helpful in [Appellant's] case by enabling the Government to explore and potentially present evidence of malingering, false suicidal ideations and mental health disorders, or making false official statements."

Finally, Mr. KS stated the trial defense team discussed these matters with Appellant on several occasions, and that "he acknowledged [and] understood [their] reasoning and agreed with it." Mr. GG stated all decisions were made with Appellant's input and agreement.

**B. Law**

We review allegations of ineffective assistance of counsel de novo. *United States v. Gooch*, 69 M.J. 353, 362 (C.A.A.F. 2011) (citing *United States v. Mazza*, 67 M.J. 470, 474 (C.A.A.F. 2009)). In order for an appellant to prevail on a claim of ineffective assistance of counsel, he must demonstrate that counsel's performance was deficient and that the deficiency resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

We employ a presumption of competence, and apply a three-part test in assessing whether that presumption has been overcome: (1) "[I]s there a reasonable explanation for counsel's actions?"; (2) "[D]id defense counsel's level of advocacy 'fall measurably below the performance . . . [ordinarily expected] of fallible lawyers'?"; and (3) "If defense counsel was ineffective, is there 'a reasonable probability that, absent the errors,' there would have been a different result?" *Gooch*, 69 M.J. at 362 (omission and third alteration in original) (quoting *United States v. Polk*, 32 M.J. 150, 153 (C.M.A. 1991)).

"Defense counsel do not perform deficiently when they make a strategic decision to accept a risk or forego a potential benefit, where it is objectively reasonable to do so." *United States v. Datavs*, 71 M.J. 420, 424 (C.A.A.F. 2012) (citing *Gooch*, 69 M.J. at 362–63) (additional citation omitted). In reviewing the decisions and actions of trial defense counsel, this court does not second-guess strategic or tactical decisions. *See United States v. Morgan*, 37 M.J. 407, 410 (C.M.A. 1993) (citations omitted). It is only in those limited circumstances where a purported "strategic" or "deliberate" decision is unreasonable or based on inadequate investigation that it can provide the foundation for a finding of ineffective assistance. *See United States v. Davis*, 60 M.J. 469, 474 (C.A.A.F. 2005).

**C. Analysis**

We disagree with Appellant's claim that trial defense counsel were ineffective. In coordination with their expert consultant, counsel expressed apprehensions about the legitimacy and truthfulness of Appellant's mental health assertions. Trial defense counsel could have chosen a different sentencing strategy. However, the record shows their sentencing strategy in this case was reasonable. Their strategy, which was discussed with Appellant, brought relevant information to the attention of the military judge, averted potentially detrimental information from being presented before the court, and, arguably, kept Appellant's sentence well below the PTA's 18-month cap on confinement.

We evaluate trial defense counsel's performance not by the success of their strategy, "but rather whether counsel made . . . objectively reasonable choice[s] in strategy from the alternatives available at the [trial]." *United States v. Dewrell*, 55 M.J. 131, 136 (C.A.A.F. 2001) (quoting *United States v. Hughes*, 48

M.J. 700, 718 (A.F. Ct. Crim. App. 1998), *aff'd*, 52 M.J. 278 (C.A.A.F. 2000)). Under these circumstances, Appellant fails to overcome the strong presumption that counsel's performance was within the wide range of reasonable professional assistance.

### III. CONCLUSION

The findings and sentence entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and the sentence are **AFFIRMED**.[5]



FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

---

[5] We note the Statement of Trial Results failed to include the command that convened this court-martial as required by R.C.M. 1101(a)(3). Appellant has claimed no prejudice and we find none. *See United States v. Moody-Neukom*, No. ACM S32594, 2019 CCA LEXIS 521, at *2–3 (A.F. Ct. Crim. App. 16 Dec. 2019) (per curiam) (unpub. op.).